[No. 12030.   Department One. — September 28, 1887.]

# AMADOR QUEEN MINING COMPANY, APPELLANT, *v.* WILLIAM DEWITT, RESPONDENT.

MINING CLAIM — RIGHT OF WAY THROUGH — RESERVATION OF BY UNITED STATES. — Section 2338 of the United States Revised Statutes — providing that "as a condition of sale, in the absence of necessary legislation by Congress, the local legislature of any state or territory may provide rules for working mines, involving easements, drainage, and other necessary means to their complete development, and these conditions shall be fully expressed in the patent"— does not operate as a reservation by the United States of a right of way through a patented mining claim, which may be taken and used by any other miner, whenever it becomes necessary to take and use it in working his mine, upon such terms and conditions as the state legislature may have prescribed.

ID. — CONDEMNATION OF RIGHT OF WAY — PRIVATE USE WILL NOT AUTHORIZE. — Section 1238 of the Code of Civil Procedure does not authorize the condemnation of a right of way through a mining claim for the private use of another mine-owner in working his mine.

APPEAL from a judgment of the Superior Court of Amador County.

The facts are stated in the opinion.

*Stewart & Herrin,* and *John A. Eaton,* for Appellant.

*Geil & Morehouse,* and *Rust & Caminetti,* for Respondent.

BELCHER, C. C.—This is an action to condemn a right of way through a tunnel under defendant's mining claim. The facts of the case, as they appear in the complaint, may be briefly stated as follows:—

The plaintiff owns two mining claims in Amador County, one situated in a ravine known as Hunt's Gulch, and the other in a ravine known as Murphy's Gulch. Between these two claims is a high ridge of land, which is also a mining claim, and is owned by defendant. On its claim in Hunt's Gulch, plaintiff has a quartz mill, and in its claim in Murphy's Gulch is a large amount of valuable gold-bearing ore. There is a tunnel, constructed by plaintiff and defendant, which extends from a point near plaintiff's quartz mill, through and under defendant's claim to Murphy's Gulch. Plaintiff is working its mine in Murphy's Gulch, and is transporting the ore taken therefrom through the tunnel to its mill, and without a right of way through the tunnel for the purpose of so transporting the ore, it cannot continue to work or develop its said mine.

The defendant, in May, 1882, obtained a patent from the United States for his mining claim, which contained, among other things, the following condition of sale:—

" That in the absence of necessary legislation by Congress, the legislature of California may provide rules for working the mining claim or premises hereby granted, involving easements, drainage, and other necessary means to its complete development."

This condition of sale was inserted in the patent in pursuance of the provisions of section 2338 of the Revised Statutes of the United States, which reads as follows:—

"As a condition of sale, in the absence of necessary legislation by Congress, the local legislature of any state or territory may provide rules for working mines, involving easements, drainage, and other necessary means to their complete development; and these conditions shall be fully expressed in the patent."

The prayer is, that "the damages which defendant will sustain by reason of a right of way granted to plaintiff through said tunnel for the purpose of working plaintiff's said mine in Murphy's Gulch be assessed, and that on the payment of the damages so assessed by this honorable court to the defendant, a right of way for working and developing plaintiff's said mine in Murphy's Gulch through said tunnel may be condemned by this honorable court," etc.

The defendant filed a general demurrer to the complaint, which was sustained, and thereupon, the plaintiff declining to amend, judgment was entered in favor of defendant.

It is admitted that there was and is no legislation by Congress providing rules for working mines, and none by the state, except section 1238 of the Code of Civil Procedure. That section, in subdivision 5, authorizes the condemnation of "roads, tunnels, ditches, flumes, pipes, and dumping places for working mines; also outlets, natural or otherwise, for the flow, deposit, or conduct of tailings or refuse matter from mines."

It is contended on behalf of appellant that under the above-quoted section of the Revised Statutes, a right of way through the defendant's mine was reserved by the United States, and that this right of way may be taken and used by any other miner, whenever it becomes necessary to use it in working his mine, upon such

terms and conditions as the state legislature may have prescribed.

It is further contended that the provisions of section 1238 of the Code of Civil Procedure constitute sufficient legislation by the state to meet the requirements of the case, and to justify the plaintiff in demanding the relief asked for.

But was there any such reservation? We are unable to see how the language used can be construed to have such a meaning, and evidently the department of the interior did not so understand it when it issued the patent to the defendant.

However this may be, we are satisfied that, under the provisions of the Code of Civil Procedure referred to, the plaintiff cannot have a right of way through defendant's mine condemned for its use in working its own mine. The mine of defendant is his private property, and it is clear that the plaintiff asks for the condemnation in order that it may appropriate a way through that property for its private use. This cannot be done. It was held in *Consolidated Channel Co.* v. *Central Pacific R. R. Co.*, 51 Cal. 269, that mining like the plaintiff's is a private industry, and that private property cannot be condemned for such a use. We think that case decisive of this, and the judgment should therefore be affirmed.

HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.